IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

SANDRA EVANS,
RAYFRED EVANS,

    Plaintiffs,

v.

ETHICON INC.,
JOHNSON & JOHNSON,

    Defendants.

Civil Action No.
7:20-cv-00256-HL

**PRETRIAL ORDER**
**AGREED ORDER AND STIPULATION**
**REGARDING PATHOLOGY PROTOCOL FOR**
**PRESERVATION AND TESTING OF EXPLANTS AND TISSUE**
**SAMPLES TAKEN FROM PLAINTIFF SANDRA EVANS**

Counsel for the parties having consented hereto,

IT IS on this 27th day of January, 2021, ORDERED that:

1. This protocol governs the preservation, collection, storage, and division of gross and microscopic material purported to contain mesh or any other of Plaintiff Sandra Evans's tissue excised or surgically explanted from Plaintiff Sandra Evans at or near the site of mesh implantation, including but not limited to slides, tissue/paraffin blocks, and gross material (the "Materials"). The Materials related to explanted meshes are potentially unique and important evidence given the claims in cases involving surgical mesh.

2. With one exception, nothing in this protocol directs healthcare facilities to deviate from normal procedures and policies regarding patient care, pathology processing and

1

analysis, and specimen retention. The exception is where, in the normal course of business, any healthcare facility would destroy explanted mesh or Materials.

**Preservation and Collection**

3. The Plaintiffs will notify the health care facility that takes possession of the explanted Materials at the time of the mesh removal that the Materials should be preserved and that the Materials should be sent to Steelgate, Inc.

    a. Where Plaintiffs' counsel learns of a Plaintiff's potential revision/explant surgery AFTER the date the surgery occurred, Plaintiffs' counsel must provide the agreed upon Past Surgery preservation notice to the facility (attached as Exhibit A). Ethicon's attorneys must also be copied on this correspondence.

    b. Where Plaintiffs' counsel learns of a potential revision/explant surgery BEFORE the scheduled date of surgery, Plaintiffs' counsel must timely provide the agreed upon Future Surgery preservation notice to the facility (attached as Exhibit B). Ethicon's attorneys must also be copied on this correspondence.

4. Once a preservation notice has been sent, Steelgate, Inc. will arrange shipment of the Materials to its facility in Florida. Steelgate will then act as a third-party repository of any such Materials.

5. The parties will not interfere with the analysis and preservation of the Materials by the explanting facilities to which any of Plaintiff Sandra Evans's treating physicians have sent or will send the Materials in the normal course of business.

6. Steelgate will timely notify Plaintiffs and Defendants if and when the Materials are requested from any facility and of obtaining the Materials. The written notification of receipt will include the facility from which the Materials were received, an itemized

inventory of the Materials obtained (including collection date, type of specimen, and source site).  Plaintiffs will take all reasonable steps to ascertain collection dates and will notify Defendants immediately upon receipt of this information.  Plaintiffs, Defendants, and Steelgate shall document the chain of custody for all the Materials using the form attached as Exhibit C.

7. To the extent that the Materials have already been requested and/or are in possession of Plaintiffs or any of Plaintiffs' representative(s), within forty-five (45) days of the entry of this Order Plaintiffs will provide Defendants with an itemized inventory of the Materials obtained (including collection date, type of specimen, source site, and a precise description of the state of the materials encompassing fixation method (where applicable), a physical description with the dimensions of any explanted material, color copies of any and all photographs of the Materials, information regarding whether they have been altered in any fashion, an accounting of what was received and what remains, etc.), and the name of the facility from which the materials were obtained.  Plaintiffs will take reasonable steps to obtain collection date information and will supplement information to Defendants upon receipt.  Plaintiffs will then, within sixty (60) days of the entry of this Order, transfer such Materials for storage at Steelgate.

**Storage**

8. The Materials shall be preserved in a manner that permits the parties equal access and analysis. The fixative used by the explanting health care facility shall be used while the explanted Materials are stored at Steelgate.

9. The parties agree to split the expense of the monthly storage fees incurred by storage of Materials at Steelgate. Following the division of Gross Specimens, each party shall bear its own costs of continued storage of its share of the Materials at Steelgate, if any.

10. Prior to shipping any Materials, Gross Specimens, Slides, or any other pathology to Plaintiffs' expert as contemplated in the sections "Division of Gross Specimens" and "Other Pathology' below, Plaintiffs shall notify Defendants of their intention to ship said materials. Plaintiffs must provide the available information contained in Paragraphs 6 and 7 above prior to shipment. Once provided this information, Defendants will have two (2) business days to alert the Plaintiffs prior to shipment of any need to meet and confer based on the state of the materials to be shipped. In the event no agreement can be reached, the parties will seek the Court's guidance.

**Division of Gross Specimens**

11. For the purposes of this section, "Gross Specimens" are preserved, explanted meshes and/or tissues that have not been processed into tissue/paraffin blocks or histology slides.

12. Each party is entitled to a representative one-half of any Gross Specimens in the exact form as received from the explanting healthcare facility.

13. Division of Gross Specimens will occur no later than one months prior to the Plaintiffs' expert deadline.

14. Any division of Gross Specimens will be carried out by Plaintiffs' representative(s) with the coordination and input of Defendants' representative(s) to protect Defendants' interest in receiving a representative one-half of the Gross Specimen.

15. Defendants' representatives will have the right to inspect the Gross Specimen and obtain photographs and optical micrographs of the specimen prior to any alteration by or on behalf of Plaintiffs' representative(s), and will have the right to observe, and provide input into, division of the specimen into two comparable and approximately equal samples of mesh and tissue.

16. No tissue will be separated from mesh prior to dividing the Gross Specimen.

17. If the parties cannot agree regarding the manner of division of the Gross Specimen or any portion thereof, the parties will meet and confer in good faith before any division takes place. Neither party will perform any examination, analysis, or testing of the Gross Specimen in any way prior to reaching mutual agreement. In the event no agreement can be reached, the parties will seek the Court's guidance.

    a. If the amount of the preserved Gross Specimen is such that division in a manner permitting analysis of the mesh and surrounding tissue by both parties is uncertain upon receipt, the parties will meet and confer in good faith. No party will perform any examination, analysis, or testing of the Gross Specimen or alter the Gross Specimen in any way prior to reaching mutual agreement. In the event that no agreement can be reached, the parties will seek the Court's guidance.

    b. If during the course of dividing the Gross Specimen to preserve at least one-half for use by Defendants, the impossibility of providing Defendants with the Gross Specimen useable in the same manner as that intended by the Plaintiffs becomes apparent, the parties will likewise meet and confer in a good faith effort and, if necessary, seek the Court's guidance. Neither party will perform any examination, analysis, or testing of the Gross Specimen or alter the Gross Specimen in any way prior to reaching mutual agreement protocol.

18. Following the division of any Gross Specimen into halves that are agreed upon by the parties' representatives present at the division of the Gross Specimen, the parties are free to conduct any testing or analysis on their halves, including destructive testing.

**Other Pathology**

19. Upon receipt, Steelgate will maintain any tissue/paraffin blocks or slides obtained from pathology ("the Slides") in an appropriate manner that effectively preserves them for examination and testing by both parties.

    a. The tissue/paraffin blocks and/or slides will be stored and maintained by Steelgate until requested by either party.

    b. No later than three months prior to the Plaintiffs' expert deadline, the parties will meet and confer regarding retrieval from Steelgate of the tissue/paraffin blocks and/or slides related to Plaintiff Sandra Evans.

    c. The apportionment and trading of tissue/paraffin blocks and/or slides will follow the procedure discussed in Paragraph 20 of this protocol. The parties will meet and confer regarding the Plaintiffs' selection of a representative who will be responsible for creating pathology slides from the tissue/paraffin blocks and the procedure for

creating such recuts. In the event that no agreement can be reached, the parties will seek the Court's guidance.

    d. Pathology slides will be created from the tissue/paraffin blocks using standard operating procedures, by or under the direction of the representative selected according to Paragraph 19(c).

20. To the extent that any facility will not release tissue/paraffin blocks and/or slides to Steelgate absent a court order, and to extent either party seeks to request any facility cut additional slides from any tissue/paraffin block for use by their expert(s), the requesting party will ensure that the tissue/paraffin block contains sufficient material to create an equal number of slides for each party. Prior to requesting such slides, the requesting party shall notify the other side and meet and confer regarding the number of slides to be requested and whether the slides will be stained or unstained. The parties will work to complete the meet and confer process such that the slides can be requested from the facility within seven (7) days of the requesting party's notification. Plaintiffs will timely provide Defendants the Slides (including originals and recuts) following Plaintiffs' expert(s) review. Defendants will likewise provide Plaintiffs any recuts reviewed by Defendants' expert(s).

21. This Order specifically authorizes any facility in possession of any Materials relating to Plaintiff Sandra Evans to provide the Materials to Steelgate when requested, assuming Healthcare Insurance Portability and Accountability Act requirements are otherwise satisfied.

22. This Order does not modify any of the Plaintiffs' pre-existing preservation obligations.

ENTERED: January 27, 2021

<u>s/Hugh Lawson</u>
U.S. District Judge

APPROVED:


TROUTMAN PEPPER
HAMILTON SANDERS LLP

<u>/s/ S. Eric Rumanek</u>
S. Eric Rumanek
Georgia Bar No. 558047
Halli D. Cohn
Georgia Bar No. 175505
David F. Norden
Georgia Bar No. 545647
Brett A. Tarver
Georgia Bar No. 184160
600 Peachtree Street, NE, Ste. 3000
Atlanta, GA 30308
404-885-3000
eric.rumanek@troutman.com
halli.cohn@troutman.com
david.norden@troutman.com
brett.tarver@troutman.com

BUTLER SNOW LLP

<u>/s/ Pamela Lawrence</u>
Pamela Lawrence
Georgia Bar No. 569713
1170 Peachtree St., NE
Suite 1900
Atlanta, GA 30309
678-515-5000
pamela.lawrence@butlersnow.com

*Counsel for Defendants Ethicon Inc.
and Johnson & Johnson*

FLINT LAW FIRM, LLC

<u>/s/ Andrew J. Feldman</u>

Andrew Jay Feldman, *pro hac vice*
afeldman@flintlaw.com
Jacob Alex Flint, *pro hac vice*
jflint@flintlaw.com
222 East Park St., Suite 500
Edwardsville, Illinois 62025
Telephone: (618) 288-4777
Facsimile: (618) 288-2864

HENINGER GARRISON DAVIS, LLC

*/s/ Jonathan R. Miller*
Jonathan R. Miller (GA 507179)
jmiller@hgdlawfirm.com
James F. McDonough, III (GA 117088)
jmcdonough@hgdlawfirm.com
3621 Vinings Slope, Suite 4320
Atlanta, Georgia 30339
Telephone: (404) 996-0863, -0869
Facsimile: (205) 326-3336, -5502

*Counsel for Plaintiffs Sandra Evans
and Rayfred Evans*